**THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19 B 12557 |
| LEANNA MARIE ORNELAS | ) | Honorable Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| David Leibowitz, not individually but | ) | |
| as Trustee for the Estate of | ) | |
| LEANNA MARIE ORNELAS | ) | |
| | ) | Adv. No 17 A _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| LEANNA MARIE ORNELAS | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO BAR DISCHARGE**

Plaintiff, David Leibowitz ("Plaintiff"), Chapter 7 Trustee for the bankruptcy Estate of Leanna Marie Ornelas, ("Defendant"), complains to bar Defendant's discharge, in accordance with the provisions of Section 727 of the Bankruptcy Code.  In support thereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to 28 USC § 1334.

2.      Venue is proper pursuant to 28 USC § 1409(a).

3.      By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court refers all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. §157(a).

4.      This is a core proceeding pursuant to 28 USC § 157(b)(2)(J).

**PROCEDURAL BACKGROUND**

5.      Defendant filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 30, 2019.  At that time, David Leibowitz was appointed Interim Trustee.

6.       A meeting of creditors under §341 of the Bankruptcy Code, (the "Code"), was held on March 21, 2017.

## FACTS COMMON TO ALL COUNTS

7.       Debtor filed Schedules and Statement of Financial Affairs on December 27, 2017 (Docket 11).

8.       On March 11, 2019, just a few weeks prior to Debtor's bankruptcy, she paid $3,800 for a trip to Disney World. She also paid her employer the sum of $900. It is likely that Debtor spent additional sums for her trip to Disney World that were not reflected in her bank records, all within a few weeks of her bankruptcy filing.

9.       Debtor had been contemplating bankruptcy prior to the time that she spent $3,800 or more for a payment to Disney Resorts.

10.       Debtor's statement of financial affairs discloses that she paid $1,600 to GeraciLaw over a period from September 9, 2018 to April 29, 2019. Indeed, Debtor made a payment of $100 to Geraci law on March 4, that date being 4 days before she spent $3,810.53 for Disney Resorts

13.       Accordingly, she transferred property within one year of before the filing of her case with the intent to hinder, delay or defraud an officer of the estate charged with custody of property under the Bankruptcy Code

14.       Moreover, Debtor stated that she had not within two years, she had not transferred any property to anyone other than property transferred in the ordinary course of business or financial affairs. The payment to Disney Resorts was not disclosed.

15.       By reason of the foregoing, Debtor knowingly and fraudulently made a false oath or account in her bankruptcy schedules.

16.       Subsequent amendments to Debtor's schedules and statement of financial affairs do not cure the false oath or account she made in her original bankruptcy petition and schedules.

17.     Moreover, by reason of the foregoing, Debtor with the intent to hinder, delay or defraud an officer of the estate charged with custody of property under the Bankruptcy Code, transferred property of the debtor within one year before the date of the filing of the petition.

## COUNT I – 11 U.S.C. § 727(a)(2)

1-17.   Plaintiff repeats and realleges the allegations of paragraphs 1-17 as though fully set forth herein.

18.     The expenditure of over $3,800 to Disney Resorts while contemplating bankruptcy constituted an act by the Debtor to hinder, delay or defraud an officer of the estate – that being the bankruptcy trustee who would be appointed to administer her chapter 7 estate.

19.     By reason of the foregoing, pursuant to 11 USC §727(a)(2), Debtor's discharge should be denied.

## COUNT II – 11 USC §727(a)(4)(A)

1-19    Trustee repeats and realleges the allegations of paragraphs 1-19 of this complaint

20.     Debtor stated no in response to the question of whether she had transferred property to anyone other than in the ordinary course of business of financial affairs within 2 years before she filed bankruptcy.

21.     That statement was false.

22.     Debtor knew that that statement was false

23.     Debtor made that false statement to conceal the fact that she had transferred over $3,800 from her bankruptcy estate to Disney Resorts at a time when she was contemplating bankruptcy – having hired GeraciLaw months earlier

24.     Only after the Trustee obtained bank records from the Debtor did Trustee learn of this transfer of assets

25.     Further, Debtor falsely answered no in response to the question of whether she made any payments on account of antecedent debts during the 90 days prior to bankruptcy, when, in fact, she had paid $900 to a person who had lent her money.

26.     Debtor knew that this statement was false.

27.     Debtor's subsequent amendment of her Statement of Financial Affairs does not vitiate the fact that she made these false statements, under oath, in her original bankruptcy petition and statement of financial affairs.

25.     Such conduct was in violation of Section 727(a)(2)(A) of the Bankruptcy Code.

42.     By reason of the foregoing, Defendant's discharge should be barred pursuant to 11 U.S.C. §727(a)(2)(A) of the Bankruptcy Code.

Wherefore, in light of the foregoing actions, Plaintiff requests Defendant be denied her discharge, pursuant to 11 U.S.C. §727 (a)(2)(A) of the Bankruptcy Code and for such other and further relief as may be just and appropriate.

**David Leibowitz, not individually but as Chapter 7 Trustee for the Estate of Leanna Marie Ornelas**

By:     _/s/ David Leibowitz_
        David Leibowitz,
        One of the Trustee's Attorneys

David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604
312 662 5750
dleibowitz@lodpl.com