# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19 B 12557 |
| | ) | |
| Leanna Marie Ornelas | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | |
| David Leibowitz, not individually but as Trustee of the Estate of Leanna Marie Ornelas | ) ) ) ) | Adv No. 19 A 00899 |
| | ) | |
| Plaintiff | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Leanna Marie Ornelas | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO BAR DISCHARGE

NOW COMES the Defendant, Leanna Marie Ornelas, through her undersigned counsel and hereby answers the Plaintiff's complaint to bar discharge and states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

**Answer:** Defendant admits the allegations of paragraph 1.

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

**Answer:** Defendant admits the allegations of paragraph 2.

3. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court refers

1

      all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

**Answer:** Defendant admits that this matter has been referred to this Court by Local Rule 40.3.1 and by Internal Operating Procedure 15(a). Defendant denies the allegations of paragraph 3 to the extent that they imply this Court lacks the power to enter a final and appealable judgment.

    4.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**Answer:** Defendant admits the allegations of paragraph 4.

## Procedural Background

    5.    Defendant filed his [sic] voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 30, 2019. At that time, David Leibowitz was appointed Interim Trustee.

**Answer:** Defendant denies that she is a male but otherwise admits the allegations of paragraph 5.

    6.    A meeting of creditors under § 341 of the Bankruptcy Code, (the "Code"), was held on March 21, 2017.

**Answer:** Defendant denies the allegations of paragraph 6 as written. Answering further, the Defendant's section 341 meeting was first scheduled for June 19, 2019 and that the meeting was held on that date.

## Facts Common to all Counts

    7.    Debtor filed Schedules and Statement of Financial Affairs on December 27, 2017 (Docket 11).

**Answer:** Defendant denies the allegations of paragraph 7 as written. Answering further, Defendant filed her petition and all other required documents on April 30, 2019.

    8.    On March 11, 2019, just a few weeks prior to Debtor's bankruptcy, she paid $3,800 for a trip to Disney World. She also paid her employer the sum of $900. It is likely that Debtor spent additional sums for her trip to Disney World that were not reflected in her bank records, all within a few weeks of her bankruptcy filing.

**Answer:** Defendant admits that she paid roughly $3,800 for a trip to Disney World. Defendant admits that she made this payment on or about March 11, 2019. Defendant admits that she repaid $900 which she had borrowed from her employer. Defendant denies the remaining allegations of paragraph 8.

9. Debtor had been contemplating bankruptcy prior to the time that she spent $3,800 or more for a payment to Disney Resorts.

**Answer:** Defendant admits that at the time she spent approximately $3,800 for her family's trip to Disney World that she was considering filing a bankruptcy case.

10. Debtor's statement of financial affairs discloses that she paid $1,600 to Geraci Law over a period from September 9, 2018 to April 29, 2019. Indeed, Debtor made a payment of $100 to Geraci Law on March 4, that date being 4 days before she spent $3,810.53 for Disney Resorts.

**Answer:** Defendant admits the allegations of paragraph 10.

13. [sic] Accordingly, she transferred property within one year before the filing of her case with the intent to hinder, delay or defraud an officer of the estate charged with custody of property under the bankruptcy code.

**Answer:** Paragraph 13 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 13.

14. [sic] Moreover, Debtor stated that she had not within two years, she had not transferred any property to anyone other than property transferred in the ordinary course of business or financial affairs. The payment to Disney Resorts was not disclosed.

**Answer:** "Ordinary course of business" is a term of art and therefore paragraph 14 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies that she made any such transfer. Defendant admits that the payment to Disney was not disclosed on the Statement of Financial Affairs filed on April 30, 2019 and denies that she was required to list that payment. Defendant denies that the payment to Disney is a "transfer" within the meaning of the bankruptcy code.

15. [sic] By reason of the foregoing, Debtor knowingly and fraudulently made a false oath or account in her bankruptcy schedules.

**Answer:** Defendant denies the allegations of paragraph 15.

16. [sic] Subsequent amendments to Debtor's schedules and statement of financial affairs do not cure the false oath or account she made in her original bankruptcy petition and schedules.

**Answer:** Paragraph 16 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 16.

17. [sic] Moreover, by reason of the foregoing, Debtor with the intent to hinder, delay or defraud an officer of the estate charged with custody of property under the Bankruptcy Code, transferred property of the debtor within one year before the date of the filing of the petition.

**Answer:** Paragraph 17 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 17.

### Count I – 11 U.S.C. § 727(a)(2)

1-17. [sic] Plaintiff repeats and realleges the allegations of paragraphs 1-17 as though fully set forth herein.

**Answer:** Defendant re-alleges and incorporates by reference her answers to the above paragraphs as though fully stated herein.

18. [sic] The expenditure of over $3,800 to Disney Resorts while contemplating bankruptcy constituted an act by the Debtor to hinder, delay or defraud an officer of the estate – that being the bankruptcy trustee who would be appointed to administer her chapter 7 estate.

**Answer:** Paragraph 18 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 18.

19. [sic] By reason of the foregoing, pursuant to 11 U.S.C. § 727(a)(2), Debtor's discharge should be denied.

**Answer:** Paragraph 19 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 19.

### Count II – 11 U.S.C. § 727(a)(4)(A)

1-19. [sic] Trustee repeats and realleges the allegations of paragraphs 1-19 of this complaint.

**Answer:** Defendant re-alleges and incorporates by reference her answers to the above paragraphs as though fully stated herein.

20. [sic] Debtor stated no in response to the question of whether she had transferred property to anyone other than in the ordinary course of business of financial affairs within 2 years before she filed bankruptcy.

**Answer:** Ordinary course of business" is a term of art and therefore paragraph 20 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant admits that she answered "no" to question 18 on her Statement of Financial Affairs. Defendant denies that she was required to answer "yes" to question 18. Defendant denies the remaining allegations of paragraph 18.

21. [sic] That statement was false.

**Answer:** Defendant denies the allegations of Paragraph 21.

22. [sic] Debtor knew that that statement was false.

**Answer:** Defendant denies the allegations of Paragraph 22.

23. [sic] Debtor made that false statement to conceal the fact that she had transferred over $3,800 from her bankruptcy estate to Disney Resorts at a time when she was contemplating bankruptcy – having hired Geraci Law months earlier.

**Answer:** Defendant admits that she hired Geraci Law and that she did so several months before making the $3,800 payment to Disney. Defendant denies the remaining allegations of Paragraph 22.

24. [sic] Only after the Trustee obtained bank records from the Debtor did Trustee learn of this transfer of assets.

5

**Answer:**   Defendant denies the allegations of paragraph 24 as plead.

25. [sic] Further, Debtor falsely answered no in response to the question of whether she made any payments on account of antecedent debts during the 90 days prior to bankruptcy, when, in fact, she had paid $900 to a person who had lent her money.

**Answer:**   Defendant admits that she answered "no" to question 6 of the Statement of Financial Affairs filed on April 30, 2019.  Defendant admits that she repaid $900 to her employer within 90 days of April 30, 2019.  Defendant denies the remaining allegations of paragraph 25.

26. [sic] Debtor knew this statement was false.

**Answer:**   Defendant denies the allegations of paragraph 26.

27. [sic] Debtor's subsequent amendment of her Statement of Financial Affairs does not vitiate the fact that she made these false statements, under oath, in her original bankruptcy petition and statement of financial affairs.

**Answer:**   Paragraph 27 is a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations of paragraph 27.

25. [sic] Such conduct was in violation of Section 727(a)(2)(A) of the Bankruptcy Code.

**Answer:**   Paragraph 28 is a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations of paragraph 28.

42. [sic] By reason of the foregoing, Defendant's discharge should be barred pursuant to 11 U.S.C. § 727(a)(2)(A) of the Bankruptcy Code and for such other and further relief as may be just and appropriate

**Answer:**   Paragraph 42 is a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations of paragraph 42.

## **Affirmative Defenses**

1.      Count I fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.      Count II fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: September 13, 2019                    Respectfully submitted:

*/s/ Jonathan D. Parker*
Jonathan D. Parker
Nathan E. Curtis
Geraci Law LLC
55 E. Monroe St., #3400
Chicago, IL 60603
Ph: 312-499-6201
par@geracilaw.com
One of Defendant's attorneys